# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 24-14431-pmm |
| Justin T. Freed, | Chapter 13 |
|     Debtor, | |
| Rachael Wilson, | Hearing Date: August 27, 2025 |
|     Co-Debtor. | Hearing Time: 1:00 P.M. |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, | Hearing Location: 900 Market Street, , Philadelphia, PA 19107<br>Courtroom Number #3 |
|     Movant, | |
|        v. | |
| Justin T. Freed, | |
|     Debtor/Respondent, | |
| Rachael Wilson, | |
|     Co-Debtor/Respondent, | |
| KENNETH E. WEST, | |
|     Trustee/Additional Respondent. | |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO PERMIT FORECLOSURE OF 145 DIAMOND ST, #A, SELLERSVILLE, PENNSYLVANIA 18960**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the United States Bankruptcy Code ("Code") for a

modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Justin T. Freed ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the Code on December 12, 2024.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 29, 2007 Justin Freed and Rachael Wilson executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $184,300.00 in favor of Arlington Capital Mortgage Corp. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded September 12, 2007 at Document No. 2007083457 of the Public Records of Bucks County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 145 Diamond Street, #A, Sellersville, Pennsylvania 18960, (the "Property").

6. The Secured Creditor and Debtor(s) (the "Parties") entered into a Loan Modification ("Agreement") on June 14, 2017, creating a new principal balance of $179,772.28. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST and same recorded with the Bucks County Recorder of Deeds on April 6, 2022, at Document No. 2022023267. A true and correct copy of the Assignment

of Mortgage is attached hereto as Exhibit "D".

8. Movant is the holder of the note ("Noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the Promissory Note and the Note is either made payable to Noteholder or has been duly endorsed.

9. Based upon the Debtor's Chapter 13 Plan ("Plan") (at Docket No.5), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E".

10. Rachel Wilson ("Co-Debtor"), is also liable on and/or has secured the aforementioned debt jointly with the Debtor.

11. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,136.45 each that became for the period May 1, 2025 through July 1, 2025 respectively, less $127.10 in suspense. *see* Exhibit "F".

12. Thus, Debtor(s)' post-petition arrears total $3,282.25 through July 31, 2025. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the cure period alleged above. *see* Exhibit "F".

13. As of July 9, 2025 currently the unpaid principal balance due under the loan documents is $174,247.75. Movant's total claim amount, itemized below, is $252,783.57. *see* Exhibit "F".

| Principal Balance | $174,247.75 |
| Interest (From 05/01/20 To 07/09/25) | $38,424.37 |
| Escrow Advance | $26,246.25 |
| Suspense Balance | ($406.46-) |
| Total-Fees | $70.75 |
| Accum Late Charges | $622.08 |

| Recoverable Balance | $13,578.83 |
|---|---|
| Total to Payoff | $252,783.57 |

14. Debtor docketed schedules list the value of the Property as $228,000.00. A true and accurate copy of Debtor Schedule A/B is attached hereto as Exhibit "G".

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

16. As set forth herein, Debtors defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

17. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

18. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

19. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date:07/17/2025

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/Sherri R. Dicks
SHERRI R. DICKS
PA Bar Number 90600
Email: sdicks@raslg.com

24-14431-pmm
RAS#23-099990
MFR